1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO MONTALVO,<br><br>Defendant. | Case No.  1:16-cv-00006-SAB<br><br>ORDER GRANTING IN PART, DENYING IN PART DEFENDANT'S REQUEST TO SEAL ANSWER AND COUNTERCLAIM (ECF No. 15) |

## I.

## PROCEDURAL BACKGROUND

On January 5, 2016, Plaintiff Berkshire Life Insurance Company of America ("Plaintiff") filed this action.  On that same date, Plaintiff filed a request to file an unredacted copy of the Complaint and the exhibit attached to the complaint, with the exception of redactions pursuant to Federal Rule of Civil Procedure 5.2(a).  Plaintiff sought to seal the complaint to protect Defendant Antonio Montalvo's ("Defendant's")  privacy right to confidential medical information, which is protected from disclosure by Article I, Section 1 of the California Constitution and The Health Insurance Portability and Accountability Act (HIPAA) and HIPAA's regulations, 45 CFR § 164.512(e).  The court granted the request to seal portions of the complaint.  On February 26, 2016, Defendant filed a redacted answer, a redacted counterclaim

1

for damages, and a notice of request to seal documents.  (ECF Nos. 15, 16, 17.)  Plaintiff has not opposed Defendant's request to seal.

## II.

## LEGAL STANDARD

Pursuant to the Local Rule of the United States Court, Eastern District of California ("L.R."), documents may only be sealed by written order of the Court upon the showing required by applicable law.  L.R. 141(a).  Defendant seeks to seal his answer and counterclaim asserting his right of privacy to his medical information.

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " Kamakana v. City & Cnty. of Honolulu, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting Nixon v. Warner Commc'ns, Inc., 435 U.S. 589, 597 & n. 7 (1978)).  Unless a court document is one that has traditionally been kept secret a strong presumption in favor of access is where the Court starts its analysis. Kamakana, 447 F.3d at 1178.  A party making a request to file documents under seal is generally required to show compelling reasons to seal documents.  Pintos v. Pacific Creditors Ass'n, 605 F.3d 665, 677-78 (9th Cir. 2009).  Although the Ninth Circuit has yet to specify whether a party seeking to seal a complaint or answer, or portions thereof, must meet the "compelling reasons" or "good cause" standard, district courts have concluded that a civil action arises out of information in a complaint or answer, so a complaint or answer "is at the heart of the interest in ensuring the public's understanding of the judicial process…." Kamakana, 447 F.3d at 1179 (internal quotation omitted).  See Harrell v. California Forensic Medical Group, Inc., No. 2:15-cv00579-KJN P, 2015 WL 1405567 (E.D. Cal. March 26, 2015); In re NVIDIA Corp. Derivative Litig., No. C 06–06110 SBA, 2008 WL 1859067 (N.D. Cal. Apr. 23, 2008); Delphix Corp. v. Actifio, Inc., No. 13–cv–04613–BLF, 2014 WL 4145520 (N.D. Cal. Aug. 20, 2014).  Therefore, the Court will apply the compelling reasons standard to Defendant's request to seal his answer and counterclaim.

To have documents filed under seal in this instance, Defendant must articulate compelling reasons that are supported by specific factual findings that outweigh the general

history of public access to records and the public interest in understanding the judicial process. <u>Kamakana</u>, 447 F.3d at 1178-79. Compelling reasons that are generally "sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." <u>Id.</u> at 1179. "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." <u>Id.</u>

**III.**

**DISCUSSION**

Currently before the Court is Defendant's request to seal his answer and counterclaim. Initially, the Court notes that primarily due to the requirements of the Health Insurance Portability and Accountability Act (HIPPA) and its regulations, the Court granted Plaintiff's request to seal portions of the initial complaint in this action. Specifically, the Court determined that due to HIPPA's prohibitions against disclosure of confidential medical information, Plaintiff had established compelling reasons to seal the complaint.

While HIPPA provided compelling reasons to seal the complaint, HIPPA does not provide compelling reasons to seal the answer and counterclaim in this action. HIPAA prescribes that "[a] covered entity may not use or disclose protected health information." 45 C.F.R. § 164.502(a). Accordingly, the Court considers whether the right to privacy provided by the California Constitution provides a compelling reason to seal the documents at issue in this motion.

The California Constitution guarantees that among the inalienable rights afforded to individuals is the right to privacy. Cal. Const. art. I, § 1. Patients have a right to privacy in their medical information under the California Constitution. <u>See</u> <u>Ruiz v. Podolsky</u>, 50 Cal. 4th 838, 851 (2010). There is "a constitutional right to privacy, more specifically, a constitutional right to nondisclosure of one's personal information." <u>Stallworth v. Brollini</u>, 288 F.R.D. 439 444 (N.D. Cal. 2012) (citing <u>Whalen v. Roe</u>, 429 U.S. 589, 599, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977); <u>Nixon</u>

1   v. Administrator of Gen. Serv., 433 U.S. 425, 457, 97 S.Ct. 2777, 53 L.Ed.2d 867 (1977)).   In
2   fact, other district courts have found that the need to protect medical information has qualified as
3   a "compelling reason," for sealing records.   See San Ramon Reg'l Med. Ctr., Inc. v. Principal
4   Life Ins. Co., No. C 10–02258 SBA, 2011 WL 89931, at *1 n. 1 (N.D. Cal. Jan.10, 2011); Abbey
5   v. Hawaii Emp'r Mut. Ins. Co., Civil No. 09–000545 SOM/BMK, 2010 WL 4715793, at * 1–2
6   (D. Haw. Nov. 15, 2010); Wilkins v. Ahern, No. C 08–1084 MMC (PR), 2010 WL 3755654, at
7   *4 (N.D. Cal. Sept. 24, 2010); Lombardi v. Tri West Healthcare Alliance Corp., 2009 WL
8   1212170, at *1 (D. Ariz. May 4, 2009).

9       Defendant seeks to redact multiple references to his medical information in his
10   counterclaim.   Balancing the need for the public's access to information regarding Defendant's
11   medical history, treatment, and condition against the need to maintain the confidentiality of
12   Defendant's medical records weighs in favor of sealing the counterclaim.   Although Defendant
13   has put his health at issue by filing a counterclaim, he is nonetheless entitled to the Court's
14   protection of sensitive medical information.   Therefore, the Court will seal the unredacted
15   counterclaim and the parties, by and through their attorneys, shall be permitted access to the
16   sealed unredacted counterclaim.

17       Defendant seeks to redact the names of two doctors from his answer.  (ECF No. 16 at 5.)
18   These are the only redactions that Defendant seeks pertaining to the answer.   However, the
19   answer will not be sealed, as balancing the need for the public's access to information outweighs
20   any need to seal the information, especially in light of the fact that the two proposed redactions
21   in the answer do not make sufficiently explicit reference to Defendant's medical records to
22   entitle them to protection.   The redacted portions do not contain Defendant's sensitive health
23   information, such as his medical history, physical examination notes, progress notes, physician's
24   orders or medication logs.   The redacted portions merely state the names of two doctors.
25   Therefore, the answer will not be sealed.  Defendant shall file an unredacted copy of the answer
26   on the docket for public view.

27   \ \ \

28   \ \ \

1

2                                          IV.

3                            **CONCLUSION AND ORDER**

4       Accordingly, IT IS HEREBY ORDERED that:

5       1.  Defendant's request to file under seal an unredacted copy of the counterclaim, with

6           the exception of redactions pursuant to Federal Rule of Civil Procedure 5.2(a), is

7           GRANTED;

8       2.  Plaintiff and Defendant, by and through their attorneys, shall be permitted access to

9           the sealed counterclaim;

10      3.  Defendant's request to file under seal an unredacted copy of the answer is DENIED;

11          and

12      4.  Defendant shall file an unredacted copy of the answer on the public docket within

13          three days of the entry of this order.

14

15   IT IS SO ORDERED.

16   Dated:   **March 7, 2016**

                                    UNITED STATES MAGISTRATE JUDGE

17

18

19

20

21

22

23

24

25

26

27

28